## CIRCUIT COURT OF FAIRFAX COUNTY

Charles J. Fitzgerald

v.

Fairfax County
Civil Service
Commission
and Fairfax County

April 21, 2004

Case No. (Chancery) No. 185819

BY JUDGE RANDY I. BELLOWS

This matter came before the Court on Friday, April 16, 2004, on Defendant Fairfax County Civil Service Commission's Pleas in Bar, Defendant Fairfax County's Demurrer and Pleas in Bar, and the Complainant's oppositions thereto.

*Background*

Charles J. Fitzgerald (" Complainant" ) was a member of the Fairfax County Police Department (" FCPD" ) from August 27, 1979, until September 22, 2000. From 1998 to 2000, Complainant ran his own contracting business part-time. As part of his contracting business, Complainant performed work for a homeowner in Loudoun County. In relation to said employment, Complainant was indicted on June 12, 2000, in Loudoun County for forgery, embezzlement, failure to pay a subcontractor, and obtaining money by false pretenses. Complainant was terminated from the FCPD effective September 2000. Complainant applied for and drew retirement benefits and filed a request for grievability with the County Executive concerning his termination by the FCPD. He was informed by the County Executive that his complaint was "grievable." The matter was referred to the Fairfax Civil Service Commission (" the Commission" ) for further proceedings.

In December 2000, the Office of the Commonwealth's Attorney in Loudoun County determined that the pending indictment was without merit, *nol prossed* the criminal charges, and expunged the criminal charges from Complainant's record. In June 2001, the FCPD filed a Motion to Dismiss Complainant's pending grievance. FCPD argued that Complainant could not be granted the relief he sought because he retired from his position as a police officer with the FCPD. The Commission accepted this argument and dismissed the matter on July 27, 2001.

*Prior Litigation*

In September 2002, Complainant filed suit (Chancery No. 180431), in which he sought declaratory and equitable relief. Chief Judge Michael McWeeny held that he lacked jurisdiction to hear the cause and dismissed it with prejudice. Complainant appealed to the Supreme Court of Virginia which declined review.

*Instant Litigation*

On July 10, 2003, Complainant wrote to the County Executive seeking a determination that the Commission had not complied with county regulations and that the grievance should be reinstated. In a letter dated August 14, 2003, County Executive Anthony H. Griffin responded that the Commission was not a party to the underlying grievance and, therefore, neither Va. Code Ann. § 15.2-1507(A)(7) (Michie 2003) nor § 17.10 of the Fairfax County Personnel Regulations was applicable.

Va. Code Ann. § 15.2-1507(A)(7) (Michie 2003) states in pertinent part:

> failure of either party to comply with all substantial procedural requirements of the grievance procedure, including the panel hearing, without just cause shall result in a decision in favor of the other party on any grievable issue, provided that the party not in compliance fails to correct the noncompliance within five workdays of receipt of written notification by the other party of the compliance violation.

Fairfax County Pers. Reg. § 17.10(1) states in pertinent part:

failure of either the employee or the respondent to comply with all substantial procedural requirements of the grievance procedure without just case shall result in a decision in favor of the other party on any grievable issue, provided that the party not in compliance fails to correct the noncompliance within five workdays of receipt of written notification by the other party of the compliance violation.

Complainant now seeks review in the Circuit Court of Fairfax County of the County Executive's decision. Complainant relies upon Va. Code Ann. § 15.2-1507(A)(7)(a) (Michie 2003) and Fx. Co. Pers. Reg. § 17.10(1) as support for his right to judicial review of what he contends is a compliance decision by the County Executive. There is no question that the Virginia Code does provide for judicial review of compliance decisions. However, such compliance decisions must involve one of the litigating parties. The Commission is not one of the litigating parties. This fact alone is dispositive.

To the extent that what Complainant is seeking is to have the Commission's decision overruled and obtain a hearing on his termination, there are three reasons why this relief cannot be granted. First, Chief Judge McWeeny's opinion is *res judicata* on the issue, in that he found that there was no right of appeal from a final decision of the Commission. Second, Va. Code Ann. § 15.2-1507(A)(10)(a)(7) and Fx. Co. Pers. Reg. § 17.12(7) do provide an appeal mechanism, and that is a challenge within five days to the County Executive. That was not done here. Third, even if it had been done here, there is no provision under the statute for an appeal to the Circuit Court from an adverse decision by the County Executive.

Therefore, the Commission's Pleas in Bar and Fairfax's Demurrer and Pleas in Bar based on the argument that this Court does not have jurisdiction to hear this matter are all sustained with prejudice.

## Final Order

This matter came before the Court on Friday, April 16, 2004, on Defendant Fairfax County Civil Service Commission's Pleas in Bar, and Defendant Fairfax County's Demurrer and Pleas in Bar. For the reasons stated in the attached letter, Fairfax County Civil Service Commission's Pleas in Bar, Fairfax County's Demurrer, and Fairfax County's Pleas in Bar based on the argument that this Court does not have jurisdiction to hear this matter are all sustained with prejudice.

The Clerk of this Court is directed to mail a copy of this Order and the attached letter to Complainant's Counsel, Jerome P. Aquino, Esquire; Fairfax

38

County's Counsel, Cynthia L. Tianti, Esquire, Assistant County Attorney; and to Fairfax County Civil Service Commission's Counsel, Robert Rae Gordon, Esquire.